Rodney ATKINS; Hebert L. Breaux; Raymond Austin; Demond Banks; John L. Booker; et al., Plaintiffs–Appellants,

v.

### FERRO CORPORATION, Defendant–Appellee.

Jacqueline T. Spears; Simon P. Armwood; Janice Barkler; Archie L. Borskey; Joe L. Clark; et al., Plaintiffs–Appellants,

v.

Ferro Corporation, Defendant–Appellee.

Joshua Ashley; Michael Bell; Brian Benenuti; Allen Babin; Corey Brown; et al., Plaintiffs–Appellants,

v.

Ed Frindt, Ferro Corporation, Plant Manager, Defendant–Appellee.

Paul Baker; et al., Plaintiffs–Appellants,

v.

Ferro Corporation, Defendant–Appellee.

Joshua Ashley; et al., Plaintiffs–Appellants,

v.

Ferro Corporation, Defendant–Appellee.

Will Gaspard; et al., Plaintiffs–Appellants,

v.

Ed Frindt, Plant Manager; Ferro Corporation, Defendants–Appellees.

No.  08–30295.

United States Court of Appeals, Fifth Circuit.

March 10, 2009.

Walter C. Dumas, Dumas & Associates, Baton Rouge, LA, Kirk Anthony Williams, Williams & Boxie, Baker, LA, for Plaintiffs–Appellants.

Luis A. Leitzelar, Jones Walker, Baton Rouge, LA, for Ferro Corporation.

Before SMITH, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

The parties dispute whether the amount

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in controversy is sufficient for diversity jurisdiction. We have reviewed the briefs and pertinent portions of the record and have heard the arguments of counsel. We also have consulted applicable sources of law.

We can look to similar cases to assist in determining the amount in controversy. *See, e.g., Marcel v. Pool Co.,* 5 F.3d 81, 82–83 (5th Cir.1993). This case is largely controlled and informed by No. 07–30530, *In re 1994 Exxon Chem. Fire,* 558 F.3d 378 (5th Cir.2009).

The district court, albeit without benefit of the decision in *Exxon,* correctly decided that the amount-in-controversy requirement is satisfied. Because plaintiffs presented no expert testimony in support of causation, there is no error in the summary judgment to Ferro Corporation. *See Allen v. Pa. Eng'g Corp.,* 102 F.3d 194, 199 (5th Cir.1996). The judgment is AFFIRMED, essentially for the reasons given by the district court.